UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| C.J. MOZZOCHI,<br>    *Plaintiff*,<br>v.<br>TOWN OF GLASTONBURY,<br>    *Defendant*. | No. 3:21-cv-01159 (MPS) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

C.J. Mozzochi ("Mozzochi") brings this action under 42 U.S.C. § 1983 against the Town of Glastonbury ("the Town") alleging a violation of the Equal Protection Clause of the Fourteenth Amendment based on alleged differences between the Town's treatment of complaints made *by* Mozzochi to the Glastonbury Police Department and the treatment of complaints made by others *about* Mozzochi to the police. The Town has moved for summary judgment. Because Mozzochi has submitted no evidence that supports his claim, I grant the Town's motion.

**II.   BACKGROUND[1]**

**A.   Facts**

The following facts, taken from the Town's Local Rule 56(a)(1) Statement unless otherwise indicated, are both undisputed and supported by specific citations to admissible evidence, as required by the Federal and Local Rules.

Mozzochi, a resident of Glastonbury, Connecticut, owns commercial real estate located at 225-229 Hebron Avenue in Glastonbury. Defendant's Local Rule 56(a)(1) Statement ("Def.

---

[1] The page numbers in record citations refer to ECF page numbers.

1

L.R. 56(a)(1) Stmt."), ECF No. 43-2, ¶ 1-2; Plaintiff's Local Rule 56(a)(2) Statement ("Pl. L.R. 56(a)(2) Stmt."), ECF No. 44-1, ¶ 1-2. Mozzochi's own office, located at 227 Hebron Avenue, is in "a high crime area of the town." Plaintiff's Local Rule 56(a)(2) Statement of Additional Facts ("Pl. L.R. 56(a)(2) Stmt. of Add'l Facts"), ¶ 1.

"On June 29, 2019, while [Mozzochi] was engaged in business [at his office], Town of Glastonbury Police Officer Hemingway knocked on his door in response to a complaint made by plaintiff's tenant against him after [Mozzochi had] posted photographs of his tenant's car to the door of the building." Def. L.R. 56(a)(1) Stmt. ¶ 4; Pl. L.R. 56(a)(2) Stmt. ¶ 4. "According to Mozzochi, he posted the pictures of his tenant's vehicle because the tenant was violating his lease agreement." Def. L.R. 56(a)(1) Stmt. ¶ 5; Pl. L.R. 56(a)(2) Stmt. ¶ 5. "[Mozzochi] believes Officer Hemingway should never have [come] to his office to question him regarding this complaint by his tenant because it was not a criminal matter." Def. L.R. 56(a)(1) Stmt. ¶ 6; Pl. L.R. 56(a)(2) Stmt. ¶ 6. "After Officer Hemingway spoke with Mozzochi on this date, it was determined that the complaint was not a police matter." Def. L.R. 56(a)(1) Stmt. ¶ 7; Pl. L.R. 56(a)(2) Stmt. ¶ 7. "Mozzochi then complained about Officer Hemingway's conduct to Chief Porter[.]" Def. L.R. 56(a)(1) Stmt. ¶ 8; Pl. L.R. 56(a)(2) Stmt. ¶ 8. "Chief Porter determined [Mozzochi's complaint] to be unfounded." Def. L.R. 56(a)(1) Stmt. ¶ 8; Pl. L.R. 56(a)(2) Stmt. ¶ 8.

"On December 1, 2020, around 10:00 a.m., while Mozzochi was at his…office at 227 Hebron Avenue, he heard banging and knocking on the door and windows for three to five minutes." Def. L.R. 56(a)(1) Stmt. ¶ 9; Pl. L.R. 56(a)(2) Stmt. ¶ 9. "Mozzochi later learned that the person banging and knocking [on the door] was an Eversource employee trying to read the electric meter." Def. L.R. 56(a)(1) Stmt. ¶ 10; Pl. L.R. 56(a)(2) Stmt. ¶ 10. Following this

incident, "Mozzochi made a formal complaint to Eversource about [its] employee's behavior." Def. L.R. 56(a)(1) Stmt. ¶ 11; Pl. L.R. 56(a)(2) Stmt. ¶ 11. "When Eversource did not respond, [Mozzochi]…filed a written complaint with the Town of Glastonbury Police Department in January[] 2021 claiming that [the Eversource employee's] conduct violated Connecticut criminal statutes constituting harassment and threatening." Def. L.R. 56(a)(1) Stmt. ¶ 12; Pl. L.R. 56(a)(2) Stmt. ¶ 12. "In response to Mozzochi's written complaint with Glastonbury Police Department, he received a letter [from Chief Porter informing him] that…Porter [had] opened a case file on the matter and conducted a telephone conversation with Eversource regarding the incident [before] concluding that the incident did not rise to the level of criminal activity." Def. L.R. 56(a)(1) Stmt. ¶ 13; Pl. L.R. 56(a)(2) Stmt. ¶ 13. "Mozzochi believed that the investigation was not sufficient and [that]…a warrant for the man's arrest [should have been issued,] as [Mozzochi had been] harassed." Def. L.R. 56(a)(1) Stmt. ¶ 14; Pl. L.R. 56(a)(2) Stmt. ¶ 14.

**B.     Procedural History**

Mozzochi commenced this action against the Town on August 30, 2021. ECF No. 1. After I denied the Town's motion to dismiss, ECF No. 32, the parties completed discovery and the Town moved for summary judgment, ECF No. 43. Mozzochi opposed the Town's motion, ECF No. 44, and the Town filed a reply in further support of its motion, ECF No. 47.

**III.     LEGAL STANDARD**

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such

that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013).

In reviewing the evidence, the court must "construe the facts in the light most favorable to the non-moving party and ... resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal quotation marks omitted). "The rule is, however, subject to certain caveats." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012). For instance, "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions. Further, where a party relies on affidavits or deposition testimony to establish facts, the statements must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* (internal citations and quotation marks omitted).

"When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in [] Rule [56], must set forth specific facts demonstrating that there is a genuine issue for trial." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted).

## IV.    DISCUSSION

The Town seeks summary judgment on Mozzochi's Fourteenth Amendment equal protection claim. In response, Mozzochi maintains that summary judgment must be denied because there exists a genuine dispute as to "whether the comparable complaints *against* the plaintiff [that he has identified] are sufficiently similar to the complaint that was made *by* the plaintiff," ECF No. 44 at 2-3 (emphasis in original), such that his case must be submitted to a jury, *id.* at 3. I discuss each of the parties' arguments in turn below.

"The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "Although the prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class, [courts have] long recognized that the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." *Id.* As is the case here, "[a] plaintiff who does not claim to be a member of a constitutionally protected class may bring an Equal Protection claim on one of two theories: selective enforcement or 'class of one.'" *Komondy v. Gioco*, 253 F. Supp. 3d 430, 440 (D. Conn. 2017) (citing *Cobb v. Pozzi*, 363 F.3d 89, 109–10 (2d Cir. 2004)). "To prevail on [a selective enforcement] claim, a plaintiff must prove that (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (internal quotation marks omitted). To prevail on a class of one claim, a plaintiff must prove that "'[1] that []he has been intentionally treated differently from others similarly situated and [2] that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Mozzochi appears to proceed with his equal protection claim only on a class of one theory. *See* ECF No. 44 at 2-3. Regardless of which theory Mozzochi is pursuing, however, "both types of Equal Protection claims require a showing that the plaintiff was treated differently from another similarly situated comparator…," though the degree of similarity required for each

5

type of claim differs significantly—whereas a class of one theory requires that a plaintiff establish "an extremely high degree of similarity between a plaintiff and comparator, [a selective enforcement theory] merely requires a reasonably close resemblance between a plaintiff's and comparator's circumstances." *Hu*, 927 F.3d at 93 (internal quotation marks omitted).

The Town argues that Mozzochi's equal protection claim "fails as a matter of law," ECF No. 43-1 at 4, under either a selective enforcement or a class of one theory, *see id.* at 4-14, because Mozzochi has pointed to "no evidence of similarly situated individuals who were treated differently[—]" "a prerequisite and necessary element of any Equal Protection Claim," *id.* at 4, 9. More specifically, the Town contends that Mozzochi "has only conclusor[ily] alleged that defendant treated him different[ly] by way of complaints made against him as compared to complaints made by him, but has not alleged any facts of similarly situated individuals that were treated differently than him." *Id.* at 6. According to the Town, Mozzochi "has not disclosed any 'similarly situated individuals' in his Rule 26(a)(1) disclosures or in his responses to defendant's interrogatories and requests for production, and did not identify any during his deposition." *Id.* at 10. Where, as here, the nonmoving party bears the ultimate burden of proof on an issue at trial, "the burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation marks omitted).

I agree with the Town—Mozzochi has submitted no evidence that raises a genuine dispute of material fact. Mozzochi's Local Rule 56 Statement admits every fact in the Town's Statement save one: the Town's assertion that Mozzochi "claims that he is being treated differently than everyone in the general public by the defendant, without identifying any specific individual that he was treated differently from." Def. L.R. 56(a)(1) Stmt. ¶ 3. Mozzochi denies

this, pointing to two pieces of evidence: his sworn responses to the Town's interrogatories and his unsworn amended complaint. Pl. L.R. 56(a)(2) Stmt. ¶ 3 (citing Pl. Ex. 1, 2); *see also* Pl. L.R. 56(a)(2) Stmt. of Add'l Facts (citing only these exhibits). But the amended complaint is of no help to him because, at the summary judgment stage, unsworn and unsupported "[a]llegations in complaints are not evidence" sufficient to withstand summary judgment. *Wasilewski v. Abel Womack, Inc*, 2016 WL 183471, at *3 (D. Conn. 2016). While "[a] verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e)," *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995), Mozzochi has not submitted a verified complaint in this case.

And even if Mozzochi had verified his complaint, neither a verified complaint nor an affidavit could have attested to the allegations in his complaint of which he could not have personal knowledge. *See Hicks v. Baines*, 593 F.3d 159, 167 (2d Cir. 2010) (discussing Fed. R. Civ. P. 56(e)(1)); *see also, e.g.*, *Curtis v. Cenlar FSB*, 654 F. App'x 17, 20 (2d Cir. 2016) (summary order) ("Though [a court] may treat [a] verified complaint 'as an affidavit for summary judgment purposes,' the allegations contained therein can suffice to defeat summary judgment only insofar as they were made on personal knowledge."). These include, among others, the following: (1) the allegation that "Chief Porter confined his 'investigation' [of the incident involving the Eversource employee] to a telephone conversation with a corporate representative," ECF No. 44-3 at 3 ¶ 5; (2) the allegation that, in conducting his investigation, Chief Porter "did not ascertain or make any reasonable attempt to ascertain the identity of the perpetrator," *id.*; and (3) the allegation that "[a]pparently the store owner called the police and reported that [Mozzochi] had been 'rude' to the woman" parked in a vehicle outside his

7

commercial building in March of 2020, *id.* at 5 ¶ 8.  "[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.' Fed. R. Civ. P. 56(c)(4); *see* Fed. R. Evid. 602." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012).  There is no basis in the record from which I can conclude that any of these allegations were within Mozzochi's personal knowledge.

In addition, I noted at the motion to dismiss stage that the allegations in Mozzochi's amended complaint as to the similarly situated comparators he had identified were "somewhat thin." ECF No. 32 at 10.  Instead of seeking to rectify this problem through discovery, Mozzochi elected to rest upon these bare allegations at the summary judgment stage.  Because the allegations in his complaint are far too conclusory, those allegations, even if they were sworn, could not create a triable issue of fact. *Id.*; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("In ruling upon a Rule 56 motion, a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied.  That is a world apart from assuming that general averments embrace the specific facts needed to sustain the complaint.") (internal quotation marks omitted).

The second piece of "evidence" Mozzochi cites—two responses to the Town's first set of interrogatories, Pl. L.R. 56(a)(2) Stmt. ¶ 3 (citing Pl. Ex. 1 ¶¶ 7, 8)—do not raise a genuine dispute of fact either.  The Town's seventh interrogatory states: "Please state every act or omission on the part of the defendant which you allege constitutes a violation of your constitutional rights." Pl. Ex. 1, ECF No. 44-2 at 4 ¶ 7.  Mozzochi's response to this interrogatory is as follows:

8

> All of the acts stated in my original complaint together with those in the amended complaint filed by Attorney John R. Williams together with those indicated in my letter to the FBI dated October 30, 1991 and in my letter to President Trump et al. See also the enclosed three Glastonbury Citizen articles.

*Id.* The Town's eighth interrogatory, the only other interrogatory Mozzochi cites, asks: "Please state every act or omission on the part of the defendant which you allege constitutes a systematic denial of your equal protection rights." *Id.* at 4 ¶ 8. Mozzochi answers: "Same answer as in 7." *Id.* These responses, though sworn, are insufficient to support Mozzochi's claim, for several reasons.

First, Mozzochi has not submitted the letter to the FBI, the letter to "President Trump et al," or the "three Glastonbury Citizen articles," Pl. Ex. 1, ECF No. 44-2, at 4 ¶ 7, mentioned in his response, and it is unlikely that any of these documents would be admissible evidence even if they had been submitted, as they would all likely constitute hearsay. Second, as noted above, allegations in a complaint are not evidence, so the reference to "the acts stated in [Mozzochi's] original complaint together with those [stated] in [his] amended complaint," *id.*, is also insufficient. Furthermore, Mozzochi points to his original and amended complaint in response to an interrogatory asking for an accounting of "every act or omission on the part of the defendant which you *allege* constitutes a violation of your constitutional rights." ECF No. 44-2 at 4 (emphasis added). Read literally, then, Mozzochi's response points to *allegations*, not evidence. Third, although Mozzochi purports to have "adopt[ed]" certain allegations in his complaints through the cursory reference to them in his responses to the Town's interrogatories, ECF No. 44 at 1, the reference in the interrogatory responses is far too vague to reasonably be deemed a verification of the facts alleged in the original or amended complaints.

9

Mozzochi is correct that "'[a]s a general rule, whether [individuals] are similarly situated is a factual issue that should be submitted to the jury.'" ECF No. 44 at 2 (quoting *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001)). "This rule is not absolute, however, and a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n. 2 (2d Cir. 2001). Mozzochi has submitted no competent evidence to support his claims, and so it is clear that no reasonable jury could return a verdict in Mozzochi's favor. I therefore must grant summary judgment to Defendant on Mozzochi's equal protection claim.

## V.  CONCLUSION

For the foregoing reasons, the Town's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
May 8, 2023